UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| TAMMY LYNN ROBERTS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:15-CV-436-CCS |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 13]. Now before the Court is the Plaintiff's Motion for Judgment on the Administrative Record and Memorandum in Support [Docs. 14 & 15] and the Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 16 & 17]. Tammy Lynn Roberts ("the Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of the Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"). For the reasons that follow, the Court will **DENY** the Plaintiff's motion, and **GRANT** the Commissioner's motion.

## I.     PROCEDURAL HISTORY

On October 3, 2011, the Plaintiff filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI"), claiming a period of disability which began October 1, 2009. [Tr. 16, 115-26]. After her application was denied initially and upon

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this case.

reconsideration, the Plaintiff requested a hearing. [Tr. 75]. On January 22, 2014, a hearing was held before the ALJ to review determination of the Plaintiff's claim. [Tr. 33-52]. On May 8, 2014, the ALJ found that the Plaintiff was not disabled. [Tr. 13-32]. The Appeals Council denied the Plaintiff's request for review [Tr. 1-5]; thus, the decision of the ALJ became the final decision of the Commissioner.

Having exhausted her administrative remedies, the Plaintiff filed a Complaint with this Court on November 23, 2015, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

### III. ANALYSIS

This case involves an application for DIB and SSI benefits. An individual qualifies for DIB if he or she: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1). To qualify for SSI benefits, an individual must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. *See* 42 U.S.C. § 1382(a).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant will only be considered disabled if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

3

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see* 20 C.F.R. §§ 404.1505(a), 415.905(a).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). The claimant bears the burden of proof at the first four steps. *Id.* The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

On appeal, the Plaintiff alleges four errors committed by the ALJ. First, the Plaintiff asserts that the ALJ did not properly weigh the opinion of consultative examiner Robert Blaine, M.D. Second, the Plaintiff maintains that the ALJ also failed to properly weigh the opinion of Wendy Pomeroy, N.P., the Plaintiff's primary care provider. In addition, the Plaintiff submits that the ALJ failed to consider the Plaintiff's obesity in accordance with agency rules. Lastly, the Plaintiff contends that the ALJ's residual functional capacity ("RFC") determination failed to include a

4

function-by-function assessment also required by agency rules. The Court will address each alleged error in turn.

### A. Consultative Examiner Robert Blaine, M.D.

The Plaintiff asserts that the ALJ did not properly weigh Dr. Blaine's opinion because she failed to resolve inconsistencies between the Plaintiff's RFC and limitations assessed by Dr. Blaine.

Dr. Blaine opined that in an eight-hour day, the Plaintiff could stand or walk five to six hours, sit for eight hours with reasonable rest breaks, and lift or carry five pounds frequently and 30 pounds infrequently. [Tr. 775]. With the exception of the five pound lifting and carrying restriction, the ALJ assigned the opinion "great weight" because the opinion was well-supported and consistent with the record. [Tr. 26]. As to the Plaintiff's ability to lift or carry five pounds frequently, the ALJ rejected the limitation, finding it to be unsupported by Dr. Blaine's examination findings and inconsistent with the record. [*Id.*]

According to the Plaintiff, the ALJ failed to cite any evidence to support her rejection of Dr. Blaine's five pound lifting and carrying restriction. [Doc. 15 at 6]. However, the ALJ explained the limitation was inconsistent with Dr. Blaine's examination findings. As observed by the ALJ, examination findings included that the Plaintiff had full range of motion of her wrists, elbows, and shoulders (with the exception of internal rotation at 40 degrees bilaterally). [Tr. 23, 775]. Moreover, the Plaintiff exhibited full grip strength and flexor and extensor strength of her upper extremities. [*Id.*]. Based upon these examination findings, the Court finds that substantial evidence supports the ALJ's conclusion that Dr. Blaine's limitation was unsupported by the Plaintiff's examination.

In addition, Dr. Blaine's lifting and carrying restriction is inconsistent with other medical

source opinions discussed by the ALJ. Specifically, non-examining state agency physician Susan Warner, M.D., who reviewed Dr. Blaine's opinion, found that the Plaintiff had no exertional limitations. [Tr. 26, 792, 798]. Furthermore, the Plaintiff's primary care provider, Ms. Pomeroy, opined that the Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently. [Tr. 26, 830]. The Court additionally observes that the Plaintiff indicated in her Function Report that she has no problems lifting [Tr. 175] and indicated in her testimony that she could lift up to 25 pounds and at least 10 to 15 pounds on an occasional basis [Tr. 41]. Therefore, the Court likewise finds that substantial evidence supports the ALJ's determination that the medical record does not support Dr. Blaine's five pound lifting and carrying restriction.

The Plaintiff contends, however, that because the ALJ relied on Dr. Blaine's opinion in forming the Plaintiff's RFC yet rejected part of his findings, the ALJ impermissibly substituted her own opinion for that of Dr. Blaine's. [Doc. 15 at 6]. The regulations do not support the Plaintiff's position. The ALJ is tasked with the responsibility of assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.1546(c). "Although the ALJ may not substitute his opinion for that of a physician, he is not required to recite the medical opinion of a physician verbatim in his residual functional capacity finding." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009). Accordingly, the "ALJ does not improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering a residual functional capacity finding." *Id.* Therefore, the Court finds that the ALJ acted appropriately by accepting the parts of Dr. Blaine's opinion that was supported by substantial evidence and rejecting the lifting and carrying limitation that was inconsistent with the record.

### B.     Wendy Pomeroy, N.P.

The Plaintiff also contends that the opinion of the Plaintiff's primary care provider, Ms.

Pomeroy, was not properly considered pursuant to Social Security Ruling 06-03p.

Ms. Pomeroy completed a form entitled "Medical Opinion Re: Ability to Do Work-Related Activities (Physical)," wherein she responded to a variety of short answer and multiple-choice questions that opined on the Plaintiff's work-related activities on a day-to-day basis. [Tr. 830-83]. Specifically, Ms. Pomeroy opined that the Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently, she could stand and walk less than two hours (with normal breaks), and she could sit for eight hours. [Tr. 830]. Ms. Pomeroy concluded that the Plaintiff must alternate between sitting, standing, and walking in order to relieve discomfort. [*Id.*]. In this regard, Ms. Pomeroy explained that the Plaintiff could sit for 90 minutes and stand for 15 minutes before needing to change position, she must walk around every 10 minutes for at least 10 minutes duration, and she required the ability to shift at will from sitting to standing or walking. [*Id.*]. Ms. Pomeroy attributed the foregoing limitations to the Plaintiff's shortness of breath, inhaler treatment, and diagnosis of COPD. [*Id.*].

Ms. Pomeroy further found that the Plaintiff could frequently twist, and occasionally stoop, bend, and climb ladders, but she could never climb stairs or crouch. [Tr. 831]. The Plaintiff's morbid obesity, COPD, shortness of breath, asthma, and allergies were identified as the "medical findings" that supported the foregoing postural limitations. [*Id.*]. In addition, Ms. Pomeroy indicated that based upon her "objective observations," the Plaintiff could never reach, handle, finger, feel, but could sometimes push and pull. [Tr. 831]. Finally, Ms. Pomeroy advised against exposure to environmental pollutants. [*Id.*].

In the disability determination, the ALJ observed Ms. Pomeroy was not an acceptable medical source as defined by the regulations and therefore her opinion could not provide evidence to establish the existence of impairments, but that her opinion with respect to severity and effect

on function was considered in accordance with Social Security Ruling 06-03p. [Tr. 26]. The ALJ then found that Ms. Pomeroy's walking limitations was inherently inconsistent. [Tr. 26]. In this regard, the ALJ explained, "The opinion asserts that the claimant must walk around for 10 minutes every 10 minutes, which would have the claimant walking for half her workday. However, the opinion also asserts that the claimant could stand or walk for a total of less than 2 hours in a workday." [*Id.*]. For these reasons, the ALJ assigned the opinion "little weight."[2]

The Plaintiff argues that the ALJ improperly rejected Ms. Pomeroy's opinion on the basis that she was not an acceptable medical source.[3] [Docs. 15 at 10-11, 18 at 2]. The Court finds that the Plaintiff misreads the ALJ's decision on this point. The ALJ did not reject the opinion because Ms. Pomeroy was not an acceptable medical source. Rather, the ALJ properly observed that because Ms. Pomeroy was not an acceptable medical source, her "opinion, standing alone, cannot constitute documentation of serve or disabling vocational limitations." [Tr. 26]. Indeed, the regulations provide that only acceptable medical sources "can provide evidence to establish an impairment." 20 C.F.R. §§ 404.1513(a), 416.913(a). The ALJ then cited the correct standard by which her opinion was to be weighed – that is, it must be "considered with respect to severity and effect on function" as delineated by Social Security Ruling 06-03p. [Tr. 26]; *see* Soc. Sec. Rul.

---

[2] Although the ALJ assigned Ms. Pomeroy's opinion "little weight," the Court notes that many of the limitations she assessed are included in the Plaintiff's RFC. Specifically, the Plaintiff's RFC is consistent with Ms. Pomeroy's lifting and carrying restriction, environmental restrictions (including no exposure to pulmonary irritants or heat and humidity), and postural restrictions (including the ability to occasionally stoop and climb stairs but never climb ladders). [*Compare* Tr. 21 *with* Tr. 830-31].

[3] An "acceptable medical source" includes licensed physicians, licensed psychologist, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. 20 C.F.R. §§ 404.1513(a), 416.913(a). All other medical sources, including nurse practitioners, are considered "other sources." §§ 404.1513(d)(1), 416.913(d)(1).

8

06-03P, 2006 WL 2329939, at *2 (Aug. 9, 2006) (explaining that "other source" evidence may be used "to show the severity of the individual's impairment(s) and how it affects the individual's ability to function" but "cannot establish the existence of a medically determinable impairment"). Therefore, the purpose of the ALJ's discussion was to clarify the standard by which Ms. Pomeroy's opinion was to be weighed.

The Plaintiff also maintains, however, that Ms. Pomeroy's opinion was not properly weighed in accordance with Social Security Ruling 06-03p, and, instead, the ALJ only provided minimal, conclusory reasons for rejecting the opinion. [Doc. 15 at 10-11].[4] Social Security Ruling 06-03P provides that an "other source" opinion must be considered, and an ALJ should generally explain the weight given to the opinion. 2006 WL 2329939 at *6. The ruling explains that the factors listed in 20 C.F.R. §§ 404.1527(c), 416.927(c), which are used for evaluating medical opinions from "acceptable medical sources," remain guiding principles for determining the weight that should be given to opinions from "other sources." *Id.* at *3. These factors include: the frequency of examination, the consistency of the opinion with other evidence, the amount of relevant evidence supporting the opinion, the source's area of expertise, and any other relevant factor that supports or refutes the opinion. *Id.* at 4-5. However, not every factor need be weighed; the particular facts of each case will dictate which factors are appropriate for consideration in order to properly evaluate the opinion at hand. *Id.* at 5.

---

[4] The Court notes that the Plaintiff filed a reply brief [Doc. 18] that does not comport with the District's Local Rules. Specifically, "[a] reply brief shall not be used to reargue the points and authorities included in the opening brief, but shall directly reply to the points and authorities contained in the answering brief." E.D. Tenn. L.R. 7.1(c). The Plaintiff's reply brief in this case, however, recites almost verbatim the points and arguments raised in his opening brief as to the ALJ's alleged failure to properly follow Social Security Ruling 06-03p in assessing Ms. Pomeroy's opinion. [*Compare* Doc. 15 at 10-12 *with* Doc. 18 at 2-3]. Plaintiff's counsel is admonished for a filing a reply that consists of cut-and-paste arguments.

9

The Plaintiff argues that Ms. Pomeroy was due greater deference because she "treated the Plaintiff frequently and has better knowledge" of the Plaintiff's impairments and their limiting effects. [Doc. 15 at 10]. The record, however, does not appear to contain any treatment records from Ms. Pomeroy that would demonstrate how frequently she treated the Plaintiff, the nature and extent of the treating relationship, examination findings, or what diagnostic techniques were used to assess the severity and limiting effect of the Plaintiff's impairments. The Sixth Circuit Court of Appeals has repeatedly "declined to give significant weight to rudimentary indications that lack an accompanying explanation" such as "check-box" forms that are not accompanied by sufficient explanation. *Hernandez, v. Comm'r of Soc. Sec.*, No. 15-1875, 2016 WL 1055828, at *4 (6th Cir. Mar. 17, 2016) (citing *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 525 (6th Cir. 2014) ("[a] case cannot be decided in reliance on a medical opinion without some reasonable support for the opinion") (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *1 (July 2, 1996)). Ms. Pomeroy's citation to the Plaintiff's obesity, COPD, shortness of breath, asthma, and "objective observations" as the "medical findings" that supported her opinion are insufficient to demonstrate that she had "better knowledge" of the Plaintiff's impairments. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) ("The treating physician's opinion must be supported by sufficient medical data."). The Court further rejects the Plaintiff's contention that the ALJ "failed to explain whether any weight was given to the opinion" [Doc. 15 at 11] as the ALJ explicitly stated "little weight" was due [Tr. 26], a finding the Plaintiff actually acknowledges in her brief [Doc. 15 at 10].

The Plaintiff further maintains that Ms. Pomeroy's assessed limitations as to standing and walking are not inconsistent as found by the ALJ. [Docs. 15 at 11-12, 18 at 2-3]. To reiterate, Ms. Pomeroy opined that the Plaintiff could stand and walk (with normal breaks) less than two hours

in an eight-hour workday. [Tr. 830]. In a separate line of questioning with regard to whether the Plaintiff needed to alternate position to relieve discomfort, Ms. Pomeroy was asked, "How *often* must your patient *walk around*? Frequency," and "How *long* must your patient *walk each time*? Duration." [*Id.*] (emphasis in original). Ms. Pomeroy responded "10 minutes" to each question. [*Id.*]. The ALJ opined that the frequency and duration in which the Plaintiff would need to walk would cause the Plaintiff to walk half of the workday which was contradictory to Ms. Pomeroy's earlier finding that the Plaintiff could only stand and walk less than two hours in an entire workday. [Tr. 26]. The Plaintiff disagrees with the ALJ's interpretation of Ms. Pomeroy's opinion, and insists that Ms. Pomeroy meant that the Plaintiff could walk only 10 minutes uninterrupted and less than two hours total during a workday. [Doc. 15 at 12].

While the Plaintiff disagrees with the ALJ's interpretation, the Court finds that the Plaintiff has not demonstrated that the ALJ's interpretation was unreasonable or so faulty as to require remand. The ALJ is charged with weighing the evidence and resolving conflicts therein. "This Court does not conduct a *de novo* review and cannot remand a matter simply because it might have interpreted the evidence of record differently than the ALJ." *Brandon v. Astrue*, No. 1:09CV00857, 2010 WL 1444639, at *8 (N.D. Ohio Jan. 27, 2010), *adopted by*, No. 1:09CV857, 2010 WL 1444636 (N.D. Ohio Apr. 12, 2010). Given the lack of support accompanying Ms. Pomeroy's opinion and the ALJ's reliance on Dr. Blaine's opinion, the Court concludes that the ALJ's rejection of Ms. Pomeroy's opinion was reasonable and within the ALJ's inherent power to resolve conflicts in the evidence.[5]

---

[5] The Plaintiff relies on *Gayheart v. Comm'r Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013) for the proposition that the ALJ erroneously applied more scrutiny in evaluating Ms. Pomeroy's opinion, "the Plaintiff's treating source," than the other opinions of record. *Gayheart*, however, does not advance the Plaintiff's position. In *Gayheart*, the Sixth Circuit Court of Appeals found

### C. Obesity

The Plaintiff maintains that the ALJ failed to consider the Plaintiff's obesity in accordance with Social Security Ruling 02-1p.

Although there is no "listed impairment" for obesity, Social Security Ruling 02-1p instructs adjudicators to take into consideration the effects obesity may have on a disability claimant. Specifically, the ruling instructs that "[a]n assessment should also be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment." 2002 WL 34686281, at *6 (Sept. 12, 2002). Because "[o]besity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment," obesity is evaluated on a case-by-case basis. *Id.* While the ruling "remind[s] adjudicators to consider [obesity's] effects when evaluating disability," *id.* at *1, the Sixth Circuit Court of Appeals has explained that "[i]t is a mischaracterization to suggest that Social Security Ruling 02-1p offers any particular procedural mode of analysis for obese disability claimants." *Bledsoe v. Barnhart*, 165 F. App'x 408, 411-12 (6th Cir. 2006).

The Plaintiff contends that the ALJ failed to consider and explain the effects the Plaintiff's

---

the ALJ erred in applying greater scrutiny to a treating-source opinion over opinions rendered by other nontreating and nonexamining sources in violation of 20 C.F.R. §§ 404.1527(c), 416.927(c), commonly referred to as the treating physician rule. *Id.* at 379-80. Here, Ms. Pomeroy was not a treating source as defined by the regulations. *See* 20 C.F.R. §§ 404.1520, 416.920 (a "treating source" must be a "physician, psychologist, or other acceptable medical source"). Instead, Ms. Pomeroy is an "other source" whose opinion was not due any special deference. *See Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 399 (6th Cir. 2014) ("As an 'other source' opinion, Hastings' opinion is not entitled to controlling weight, nor is the ALJ required to give reasons for failing to assign it controlling weight, as that requirement only applies to treating sources.") (citing *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010)); *Hatfield v. Astrue*, No. 3:07-CV-242, 2008 WL 2437673, at *2 (E.D. Tenn. June 13, 2008) (holding that opinions rendered by "other sources" are "not given the same controlling weight as a 'treating source'").

obesity has on her RFC in violation of Social Security Ruling 02-1p. [Doc. 12 at 16].[6] The Court disagrees. The ALJ's decision "considered the impact obesity has on" the Plaintiff's functional limitations, "including the [Plaintiff's] ability to perform routine movement and necessary physical activity within the working environment." [Tr. 23]. In doing so, the ALJ relied on Dr. Blaine's consultative examination findings to reach the conclusion that the Plaintiff's Body Mass Index placed her in the category of morbidly obese. [Tr. 23, 776]. The ALJ observed that under Social Security Ruling 02-1p and the guidelines set by the National Institutes of Health, the Plaintiff's weight fell in the "Level III" category which is "the most severe level of obesity." [Tr. 23]. The ALJ went on to give Dr. Blaine's opinion "great weight." [Tr. 26]. Because the ALJ relied on Dr. Blaine's opinion in fashioning the Plaintiff's RFC, the ALJ properly considered the effects that the Plaintiff's obesity had upon her RFC. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010) ("Thus, by utilizing the opinions of these physicians in fashioning Coldiron's RFC, the ALJ incorporated the effect that obesity has on the claimant's ability to work into the RFC he constructed."); *Bledsoe*, 165 F. App'x at 412 ("[T]he ALJ does not need to make specific mention of obesity if he credits an expert's report that considers obesity.").

---

[6] In single sentence, the Plaintiff also argues that "the ALJ failed to consider how the Plaintiff's multiple other severe impairments would affect her ability to perform at the assigned RFC." [Doc. 15 at 13]. The Plaintiff does not explain which severe impairment the ALJ ignored, how the severe impairments affected the Plaintiff's RFC, or cite to any evidence that would demonstrate that "the Plaintiff's multiple other severe impairments" had a greater effect on the Plaintiff's functional limitations than accounted for by her RFC. As such, the Court finds the issue undeveloped and therefore waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (quoting with approval *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293–94 (1st Cir. 1995)).

Accordingly, the Court finds the Plaintiff's allegation of error in this regard is not well-taken.

D. **Function-By-Function Assessment**

Finally, the Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence because she did not provide a "function-by-function assessment" pursuant to Social Security Ruling 96-8p.

Social Security Ruling 96-8p explains that "[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." 1996 WL 374184, at *3 (July 2, 1996). The ALJ must individually assess a claimant's ability to perform exertional and non-exertional activities. *Id.* at *5-6. "Although SSR 96–8p requires a 'function-by-function evaluation' to determine a claimant's RFC, case law does not require the ALJ to discuss those capacities for which no limitation is alleged." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002)

The Court finds that the ALJ fully adhered to agency procedure in determining the Plaintiff's RFC. The ALJ found [Tr. 21] that the Plaintiff could perform light work which "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds . . . [and] a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b). In addition, the ALJ found that the Plaintiff could occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl, could perform simple, one- to three-step tasks, but must avoid heights, hazards, pulmonary irritants, extremes to heat and humidity, and climbing ladders, ropes, and scaffolds. [Tr. 21]. Not only did the ALJ provide a function-by-function assessment, she fully explained her reasoning throughout the body of her opinion. [*See* Tr. 22-27 (explaining

her consideration of treatment records, the Plaintiff's daily activities, inconsistent statements, and work history, the type and frequency of treatment, and the medical opinions of record)]. The ALJ then relied on the medical opinions that were most consistent with the record as a whole. [Tr. 25-26]. While the Plaintiff argues "that the ALJ failed to included substantial limitations in the RFC finding correlating to symptoms and limitations which were well-documented in the record" [Doc. 15 at 14], the Plaintiff neither identifies which symptoms or limitations were not included, nor does she identify the medical evidence that documents said symptoms and limitations. Without reference to any specific evidence that demonstrates that the Plaintiff experienced an impairment or symptom that the ALJ did not consider or had a more limiting effect on her RFC, the Court finds that the ALJ's RFC is set forth with sufficient specificity and that the ALJ's reasons for this determination are clearly articulated in her opinion.

Therefore, the Court finds that the ALJ's RFC determination is based on substantial evidence, and any argument to the contrary is without merit.

## VI. CONCLUSION

Based on the foregoing, the Plaintiff's Motion for Judgment on the Administrative Record [**Doc. 14**] will be **DENIED** and the Defendant's Motion for Summary Judgment [**Doc. 16**] will be **GRANTED**. The decision of the Commissioner will be **AFFIRMED**. The Clerk of Court will be directed to **CLOSE** this case.

ORDER ACCORDINGLY.

                                                 s/ C. Clifford Shirley, Jr.
                                                 United States Magistrate Judge